WOLLER and another, Plaintiffs, vs. OELKE, Defendant: HOME MUTUAL CASUALTY COMPANY, Appellant: THIEL and another, Respondents.

*March 14—April 12, 1938.*

For the appellant there was a brief by *Edward J. Byrne* of Appleton and *Adolph P. Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton and *Doris E. Lehner* of Madison.

For the respondents there was a brief by *Genrich & Genrich,* attorneys, and *Miles Lambert* of counsel, all of Wausau, and oral argument by *Fred W. Genrich, Jr.*

FAIRCHILD, J. The right to contribution is contested by appellant Home Mutual on the ground that its contract expressly excluded from coverage the situation here involved, resting its claim upon the language in the agreement reading as follows: "Nor shall any claim or suit by or on behalf of any assured be covered hereunder." The interest-

ing questions which might arise had the policy been offered in evidence at the trial are not before us on this appeal. The policy was not offered in evidence, and the pleadings on the part of plaintiff alleged the existence of the insurance and the agreement on the part of the Home Mutual to indemnify and insure anyone driving the Oelke car with permission of the owner against all liability arising out of the negligent management and operation thereof, and that such insurance was in full force and effect at the time of the collision which is the basis of the action here. The answer of the Home Mutual admitted the existence of the insurance and that it—

"issued and delivered to Louis Oelke, father of Clarence Oelke, a certain policy of insurance; and that under the terms of said policy, the Home Mutual Casualty Company agreed to indemnify and insure its policyholder and anyone driving his automobile with his consent against liability arising out of the negligent management and operation of said automobile. Defendants allege, however, that, by the terms of said policy, the liability of said defendant, Home Mutual Casualty Company, was limited to five thousand and no/100's ($5,000) dollars for injuries to any one person, and ten thousand and no/100's ($10,000) dollars for any one accident."

There is no contention by any party that the right result was not reached if judged by what occurred upon the trial. The only question raised is with relation to the liability of the Home Mutual under the judgment. The judgment entered was the only one that could properly have been entered when the case closed. The subsequent effort to bring to the court's attention the excluding clause of the policy and to cause the judgment to be modified in accordance therewith cannot be availed of by the appellant now for the apparent reason that the order refusing to modify the judgment was not appealed from and the record upon which the judgment was entered amply sustains it.

*By the Court.*—Judgment affirmed.